UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHANGXIN LI,

        Plaintiff,

                              Case Number 06-15456-BC

v.                                    Honorable Thomas L. Ludington

U.S. CITIZENSHIP & IMMIGRATION
SERVICES,

        Defendant.
_____ /

## ORDER DIRECTING SERVICE OF COMPLAINT AND ORDER, AND DIRECTING RESPONSE

Presently before the Court is a complaint filed by the plaintiff, Changxin Li, on December 4, 2006. He writes that he is a legal alien and has taken steps toward becoming a citizen. For example, he states that he has passed the English and history exam required for naturalization. Apparently, officials in the citizenship and immigration services informed him that he should expect to receive notification for a citizenship ceremony in a matter of weeks after passing the exam. However, he has not yet received that notification and was told that his case remained pending, awaiting the completion of an FBI name check. He claims that the name check has been in progress for nearly three years and five months.

Title 8, section 1447(b) of the United States Code allows, under certain circumstances, an alien to petition for a hearing when his application for naturalization has been pending for 120 days. Section 1147(b) states, in relevant part:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

Here, it appears that plaintiff mistakes the term "examination" for the English and history tests he took on July 9, 2003. However, when looking to the plain language of section 1446, it is apparent that Congress intended the term "examination" to have a different meaning. Section 1446(b) provides:

> The Attorney General shall designate employees of the Service to conduct examinations upon applications for naturalization. For such purposes any such employee so designated is authorized to take testimony concerning any matter touching or in any way affecting the admissibility of any applicant for naturalization, to administer oaths, including the oath of the applicant for naturalization, and to require by subpena the attendance and testimony of witnesses, including applicant, before such employee so designated and the production of relevant books, papers, and documents, and to that end may invoke the aid of any district court of the United States; and any such court may, in the event of neglect or refusal to respond to a subpena issued by any such employee so designated or refusal to testify before such employee so designated issue an order requiring such person to appear before such employee so designated, produce relevant books, papers, and documents if demanded, and testify; and any failure to obey such order of the court may be punished by the court as a contempt thereof. The record of the examination authorized by this subsection shall be admissible as evidence in any hearing conducted by an immigration officer under section 1447(a) of this title.

Thus, it is unclear that any examination has come to a conclusion thereby triggering the 120-day rule. Because of this ambiguity, the Court will direct the plaintiff to serve the government with his complaint and this order and direct the government to furnish a responsive pleading or motion to the complaint.

Accordingly, it is **ORDERED** that the plaintiff serve the government with a copy of his complaint with this order within the time period permitted under Federal Rule of Civil Procedure 4(m) and in accordance with the manner set forth in Rule 4(I).

It is further **ORDERED** that the government furnish a responsive pleading or motion within thirty days of service of the complaint and order.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: December 19, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 19, 2006.

s/Tracy A. Jacobs
TRACY A. JACOBS

---